IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHEN DISTRICT OF MISSISSIPPI
EASTERN DIVISON

**DAVID WILLIAMS, #83234**                                                              **PLAINTIFF**

**VERSUS**                                                          **CAUSE NO.: 2:17-CV-152-KS-MTP**

**JASON MYERS, ET AL.**                                                            **DEFENDANTS**

### JASON MYERS, SHERIFF ALEX HODGE, JEFF MONK AND JONES COUNTY, MISSISSIPPI'S ANSWER TO PLAINTIFF'S COMPLAINT AND PLAINTIFF'S RESPONSE TO ORDER

Come now Jason Myers, Sheriff Alex Hodge, Jeff Monk and Jones County, Mississippi, by and through counsel, and respond to Plaintiff's Complaint (*CM/ECF Doc. No.1*) and Response (*CM/ECF Doc. No. 20*) as follows:

### FIRST DEFENSE

Answering defendants specifically assert and invoke all the privileges available to them as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendants which would rise to the level of a constitutional deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

**THIRD DEFENSE**

Answering defendants invoke all privileges, restrictions, limitations and immunities of Mississippi Tort Claims Act ("MTCA") Miss. Code Ann. § 11-46-1, *et seq* including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**FOURTH DEFENSE**

Answering defendants deny that they have been guilty of any actionable conduct.

**FIFTH DEFENSE**

Answering defendants would affirmatively aver that they are entitled to qualified immunity. More specifically, answering defendants would affirmatively assert that the Plaintiff's pleadings fail to allege a violation of a clearly established constitutional right and, at all times, their conduct was objectively reasonable under the circumstances.

**SIXTH DEFENSE**

Answering defendants deny that they are guilty of any actionable conduct.

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

**COMPLAINT**

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

**I.     The Parties to This Complaint**

    **A.     The Plaintiff(s)**

Answering defendants admit, upon information and belief, the allegations of paragraph I.A of Plaintiff's Complaint.

    **B.     The Defendant(s)**

Answering defendants admit that Alex Hodge is the duly elected Sheriff of Jones County, Mississippi at the time of the incident in question. Furthermore, answering defendants admit that Jason Myers is a Sergeant with the Jones County Sheriff's Department. Answering defendants deny the remaining allegations of paragraph I.B of Plaintiff's Complaint.

**II.    Basis for Jurisdiction**

Answering defendants deny the allegations of paragraph II of Plaintiff's Complaint including subparagraphs A-D.

**III.   Prisoner Status**

Answering defendants admit, upon information and belief, the allegations of paragraph III of Plaintiff's Complaint.

**IV.    Statement of Claim**

Answering defendants admit that on December 14, 2016, Plaintiff was arrested after a vehicular and foot pursuit. Furthermore, answering defendants admit that Plaintiff was Tased a single time in order to affect his arrest. Answering defendants deny the remaining allegations of paragraph IV of Plaintiff's Complaint, including subparagraphs A-D.

**V.      Injuries**

Answering defendants deny the allegations of paragraph V of Plaintiff's Complaint.

**VI.     Relief**

Answering defendants deny the allegations of paragraph VI of Plaintiff's Complaint.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

Answering defendants deny the allegations of paragraph VII of Plaintiff's Complaint, including subparagraphs A-G.

**VIII.   Previous Lawsuits**

Answering defendants lack information sufficient to make a determination as to the truth of the allegations of paragraph VIII of Plaintiff's Complaint and, as such, deny the same, including subparagraphs A-D.

**IX.     Certification and Closing**

Answering defendants deny the allegations of paragraph IX of Plaintiff's Complaint, including subparagraphs A and B.

**RESPONSE TO ORDER (*CM/ECF DOC. NO. 20*)**

And now, without waiving any defense heretofore or hereinafter set forth, answering defendants respond to the allegations of Plaintiff's Response to Order (*CM/ECF Doc. No. 20*), paragraph by paragraph, as follows:

(a)     Answering defendants deny the allegations of paragraph (a) of Plaintiff's Response to Order.

(b) Answering defendants deny the allegations of paragraph (b) of Plaintiff's Response to Order.

(c) Answering defendants deny the allegations of paragraph (c) of Plaintiff's Response to Order.

As for the last unnumbered paragraph commences, "I would like to inform…," answering defendants deny each and every allegation contained therein and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

## EIGHTH DEFENSE

Answering defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

## NINTH DEFENSE

Answering defendants allege that they met or exceeded the requirements of law and due care and that they are guilty of no acts or omissions which either caused or contributed to the incident in question.

## TENTH DEFENSE

Answering defendants allege that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned.  Additionally, the defendants would affirmatively state that the Plaintiff

is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

    (a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    (b)    The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

    (c)    The procedures fail to provide a limit on the amount of the award against the defendants.

    (d)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

    (e)    The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

    (f)    The procedures permit multiple awards of punitive damages for the same alleged act.

    (g)    The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

    (h)    The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i)     The standard of conduct upon which punitive damages are sought is vague.

**TWELTH DEFENSE**

Answering defendant asserts and invokes 42 U.S.C. § 1997e(a)-(h) to the extent applicable.

**THIRTEENTH DEFENSE**

To the extent applicable, answering defendants would assert Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**FOURTEENTH DEFENSE**

Answering defendants assert and invoke 42 U.S.C. 1997e(a)-(h) to the extent applicable.

**FIFTEENTH DEFENSE**

Any allegation contained in the Complaint which is not specifically admitted is hereby denied.

**SIXTEENTH DEFENSE**

Answering defendants reserve the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint and Plaintiff's Response to Order filed against them, answering defendants request that the same be dismissed and they be discharged with costs assessed against the Plaintiff.

**DATE:**     March 7, 2018.

Respectfully submitted,

**JASON MYERS, SHERIFF ALEX HODGE, JEFF MONK
AND JONES COUNTY,
MISSISSIPPI**

BY:  /s/*William R. Allen*
       One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  kriley@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

> David Williams, #83234
> Jones County Jail
> 5178 Highway 11 N.
> Ellisville, MS 39437

This the 7th day of March, 2018.

/s/*William R. Allen*
OF COUNSEL