IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID WILLIAMS, #83234                                              PLAINTIFF

V.                                               CIVIL ACTION NO. 2:17cv152- MTP

JASON MYERS, ET AL.                                                DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing before the Court on July 2, 2018. Plaintiff David Williams appeared *pro se*. Jessica Malone appeared on behalf of Defendants Jason Myers, Alex Hodge, Jeff Monk, and Jones County, Mississippi.[1] The Court scheduled the hearing for the combined purposes of conducting a *Spears*[2] hearing, case management hearing, and discovery conference. The Court's purpose in conducting the hearing is to ensure the just, speedy, and inexpensive determination of this *pro se* prisoner litigation. Having considered the issues, the undersigned finds and orders as follows:

### JURISDICTION AND SUMMARY OF CLAIMS

Plaintiff's claims are brought under 42 U.S.C. § 1983, and the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. Plaintiffs claims arise from his arrest in Jones County, Mississippi and his subsequent stay at Jones County Adult Detention Center.[3] The Plaintiff's claims and relief sought were clarified and amended by his sworn

---

[1] Joseph White was added as a Defendant at the hearing.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[3] He is currently housed at East Mississippi Correctional Facility after being convicted of a felony offense.

1

testimony at the *Spears*[4] hearing. Therefore, only the following claims remain before the Court and no further amendments will be allowed absent a showing of good cause. Plaintiff's allegations are identified and summarized as follows:

**Excessive Force & Failure to Supervise and Train**

On December 14, 2016, Plaintiff claims Jones County officers stopped his vehicle because they had an arrest warrant for him. Plaintiff purportedly pulled his truck into a yard and then attempted to flee on foot, but was quickly stopped after exiting his truck by either Jason Myers or Joseph White[5] who "tased" him to the ground. He claims after the first taser shot he fell to the ground and stopped resisting.

He claims that Jason Myers then kicked and stomped him several times in the back of the head. Allegedly, the person utilizing the taser continued to tase him after he was not a threat, and Jeff Monk kicked him in the face while on the ground. Plaintiff sues Jason Myers, Jeff Monk, and Joseph White for their use of excessive force. He also claims that Sheriff Alex Hodge and Jones County are responsible for the officers' actions, and that they failed to properly train and supervise the officers.

As a result of this force, Plaintiff claims that he now has a speech impediment, suffers from seizures, and has serious headaches, all of which he did not have before the incident.

<u>**Inadequate Medical Care**</u>

Plaintiff claims that after the officers used excessive force against him, he was taken to

---

[4] *See Flores v. Livingston*, 405 Fed App'x 931, 932 (5th Cir. 2010) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

[5] The Court allowed Plaintiff to add Joseph White as a Defendant at the hearing. Plaintiff is unsure whether it was White or Myers who tased him.

the Jones County Adult Detention Center. Once he arrived at the jail, medical personal there told the officers to take him to the local medical clinic. He claims the officers told him not to speak at the clinic, but he could not speak well in any case because he thought his jaw was broken. Once at the clinic his head was x-rayed and he was told that his jaw was not broken.

He was returned to Jones County Adult Detention Center and a few days later he suffered his first seizure. Plaintiff was sent to the doctor were he received a CAT scan, but he did not receive an MRI as recommended by the doctor because the officer transporting him did not have the time. Plaintiff claims that while housed at the jail for approximately two weeks he was visited by healthcare provider Donnie Scoggin on multiple occasions.

Plaintiff claims that Alex Hodge and Jones County provided him inadequate medical care by not providing him the MRI that the Doctor purportedly recommended or ordered.

## RELIEF SOUGHT

Plaintiff requests monetary damages to pay for his medical issues resulting from the incident.

## MOTIONS DEADLINE

The deadline for filing motions (other than motions *in limine*) is October 17, 2018.

## DISCOVERY ISSUES

Defendant is directed to produce to Plaintiff:

(1) Plaintiff's jail file while housed at the Jones County Adult Detention Center;

(2) any grievances filed by Plaintiff while at Jones County Adult Detention Center;

(3) any documents or reports relating to any medical treatment of Plaintiff;

(4) Any of Plaintiff's medical records that Defendants obtain from any third party;

3

(5) Any report that outlines or addresses the events surrounding Plaintiff's arrest. A copy of this report shall also be mailed to the Court;

(6) Any documentation that Defendants may utilize to support a claim or defense;

**Defendant shall produce the above documents within thirty days and file notice of the same.**[6]

Plaintiff is directed to produce to Defendants and file of record with the Court:

(1) Any grievances that he filed while at Jones County Adult Detention Center;

(2) The names and addresses of medical professionals or doctors that he has seen relating to his medical issues resulting from the incident;

(3) Any documentation that Plaintiff may utilize to support a claim or defense.

Plaintiff shall produce the above documents within thirty days.

The discovery allowed herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. Pro. 26(b)(1). The parties shall not propound additional discovery requests unless leave of court is requested and obtained.

## OTHER ISSUES

**Jason Myers' Motion [35] To Substitute Joseph White as Defendant**

On March 7, 2018, Jason Myers moved to substitute Joseph White in his place as he avers that White was the one that tased Plaintiff, not him. However, Plaintiff wants Jason Myers to remain as a Defendant. Plaintiff is the "master of his complaint." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) As such, the Motion [35] to substitute is DENIED. Jason Myers will remain a defendant in this matter.

---

[6] Much of this documentation may have been produced at the Omnibus hearing. Defendants shall still file a notice specifying which documents have been produced.

4

At the hearing, Plaintiff indicated that he wished to have Joseph White added as a Defendant. That request is GRANTED. The Clerk or Court is directed to add Joseph White as a Defendant. The claims against White are outlined above. Counsel for Joseph White should enter an appearance and file an answer or before **August 3, 2018.** If no Counsel enters an appearance by that date, the Court will direct that process be issued and served. If Defendant Joseph White does not enter an appearance in this matter by August 3, 2018, the Defendants shall provide his last known address to the Court, under seal, so that process may be served.

**Motion to Stay**

Defendant Jason Myers may file a Motion to Stay this matter, if necessary, as he is away on military duty.

**Responding to Motions**

Plaintiff is advised that if a motion is filed by Defendants, he should respond in writing to the motion within 14 days.

**Change of Address**

Plaintiff's failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and may be grounds for dismissal without further notice to Plaintiff.

SO ORDERED this the 5th day of July, 2018.

s/ Michael T. Parker  
United States Magistrate Judge