## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHEN DISTRICT OF MISSISSIPPI
## EASTERN DIVISON

**DAVID WILLIAMS, #83234**                                        **PLAINTIFF**


**VERSUS**                                        **CAUSE NO.: 2:17-CV-152-MTP**


**JASON MYERS, ET AL.**                                        **DEFENDANTS**

### SHERIFF ALEX HODGE, JEFF MONK, JOSEPH WHITE, AND
### JONES COUNTY, MISSISSIPPI'S MOTION FOR SUMMARY JUDGMENT

Come now, Sheriff Alex Hodge, Jeff Monk, Joseph White, and Jones County, Mississippi, by and through counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully submit their Motion for Summary Judgment:

1.       Plaintiff is a *pro se* inmate whose claims arise out of his arrest by the Jones County Sheriff's Department. *CM/ECF Doc. No. 1.* More specifically, Plaintiff complains that during his December, 2016 arrest Defendants Jason Myers[1], Jeff Monk, and Joseph White subjected him to excessive force. *Id.* Additionally, Plaintiff makes a claim against Sheriff Alex Hodge for failing to train and/or supervise his deputies.  Finally, Plaintiff makes a claim for denial of medical care against Jones County, Mississippi and Sheriff Alex Hodge. Accordingly, moving defendants are entitled to summary judgment as to all claims.

---

[1] Officer Myers is currently deployed with the United States Army and undersigned counsel has filed a Motion for Stay as to all claims asserted against him. *Hodge Aff.* ¶ 4, a copy of which is attached hereto as **Exhibit A**.

2.      On December 14, 2016, Plaintiff was arrested by the Jones County Sheriff's Department. *Omnibus Hearing Transcript* ("OHT"), at 9, attached hereto as **Exhibit B**. More specifically, Jones County Sheriff's Department officers Myers and White had a warrant for Plaintiff's arrest when they spotted him in a truck driving north on Highway 15. *Aff. J. White*, ¶ 3, attached hereto as **Exhibit C**. A vehicular chase ensued between Plaintiff and the officers, when Plaintiff ultimately parked and fled on foot because he "didn't want to go to jail." *Id*. at ¶ 3-4; *OHT*, at 10 & 12.

3.      Officer Myers and Officer White stopped their vehicle and pursued Plaintiff on foot. *Aff. J. White*, ¶ 4-5. Plaintiff contends that he did not go far before he was Tased by Officer Jason Myers; however, the Taser report reveals that Officer Joseph White actually Tased Plaintiff once for a period of five (5) seconds. *OHT*, at 12-13; *Taser Deployment Log*, attached hereto as **Exhibit D**.

4.      Plaintiff contends that after being Tased, Officer Myers grabbed him by the collar and kicked him in the back of the head three (3) times. *Id*., at 13-14. Plaintiff believes Officer Jeff Monk then kicked him in his face by his jaw. *Id*., at 14:7-10. Plaintiff states that as a result he suffers from a speech impediment, seizures, and a headache "all the time." *Id*.

5.      Plaintiff alleges a failure to protect and/or failure to train claim against Sheriff Alex Hodge because he is "responsible" or his deputies' actions. *Id*., at 16.

6.      Plaintiff makes a claim for denial of medical care against Sheriff Hodge and Jones County, Mississippi. *Id*., at 18:10-12. Plaintiff testified that at booking he was seen by a nurse and sent immediately to Ellisville clinic where he was given an x-ray

and a shot. *Id.*, at 18-20. A few days later Plaintiff experienced a seizure and was immediately taken to the emergency room and given a CAT scan. *Id.*, at 21. Plaintiff alleges that medical providers recommended he receive an MRI, however he was denied this test. *Id.* Additionally, Plaintiff states he saw Dr. Donnie Scoggins at the Jones County Jail. *Id.*, at 22. Thus, in the two (2) weeks Plaintiff went to the hospital twice and was seen on multiple occasions by an in-jail doctor. *Id.* Plaintiff admits he failed to file any grievances concerning these matters. *Id.*, at 38-39.

7. "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

8. Plaintiff asserts a claim for denial of adequate medical care against Sheriff Alex Hodge in his individual capacity; however, in order to assert a claim against Sheriff Hodge in his individual capacity, Plaintiff must show that he was personally involved in the alleged constitutional deprivations. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)("Personal involvement is an essential element of a civil rights cause of action

9. Plaintiff bases his denial of medical care claim on this denial of an MRI. *Id.* At no point in time did Plaintiff testify that Sheriff Hodge participated directly in denying him medical care. Furthermore, as demonstrated by Sheriff Hodge's affidavit, he had no contact with Plaintiff and was never subjectively aware of any medical need

or treatment pertaining to Plaintiff. *Hodge Aff.,* ¶ 3. As such, Hodge's lack of personal participation in Plaintiff's denial of medical care is fatal to his claim against him.

10.     Sheriff Alex Hodge, Officer Jeff Monk, and Officer Joseph White are entitled to qualified immunity in this matter because Plaintiff has failed to prove he suffered a constitutional deprivation. Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001).

11.     A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). In assessing a claim of qualified immunity, courts should apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*

12.     Plaintiff asserts claims against: (1) Officer Joseph White for continuously tasing him, (2) Officer Jason Myers for allegedly kicking him in the back of the head after he was Tased[2]; and (3) Officer Jeff Monk for purportedly kick him in the jaw; *OHT*, at 13-14. See also, *Taser Deployment Log*.

---

[2]Again, given that Meyers is currently deployed with the U.S. Army, he has moved to stay this matter.

13.     To establish a claim of excessive force under the Fourth Amendment, Plaintiff must demonstrate: "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005). Determining whether an officer's use of force was objectively reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). *Deshotels v. Marshall*, 454 F. App'x 262, 267 (5th Cir. 2011)

14.     Officer White deployed his Taser because Plaintiff fled from law enforcement officers and he was trying to subdue Plaintiff. Significantly, prior to the Plaintiff's arrest, Officer Meyers and Officer White were informed that Plaintiff was armed with a 7mm Magnum Rifle and a large handgun. *Aff. J. White*, ¶ 3. The use of a Taser on the Plaintiff for five (5) seconds was not unreasonable in light of the circumstances. Officer White believed Plaintiff to be armed and Plaintiff resisted arrest. *Aff. J. White*, ¶ 3.

15.     Plaintiff has failed to demonstrate any injury as a result of the Tasing. He alleges he has a speech impediment, seizure, and continuous headaches as a result of the Tasing, but has failed to provide any medical records to connect his headaches and seizures to his being Tased. Additionally, moving defendants have provided a telephone recording of Plaintiff on January 19, 2018 where there is no indication of

5

plaintiff having a speech impediment. See, *Phone call to Angie Hancock* & *Phone call to Tina Williams*, attached hereto as **Exhibit E**.

16.     As for Officer Jeff Monk, Plaintiff alleges the Officer kicked him in the face. *Id.*, at 14:7-10. Officer Jeff Monk denies that he used any excessive force on Plaintiff, as he was not even present during the time of Plaintiff's arrest. See, *Aff. J. Monk*, ¶ 3-5, attached hereto as **Exhibit F**.  Even if Plaintiff's claims were taken as true, again, Officers believed that Plaintiff was armed with weapons and Plaintiff was resisting arrest.  *Aff. J. White,*¶ 3. Once Plaintiff was Tased, the "Taser lines" broke and Plaintiff again began resisting arrest again. See, *Case Report,* attached hereto as **Exhibit G**. Any force that was allegedly used by Officer Monk or any of the Officers was reasonable under the circumstances.

17.     Finally, it should be noted that Plaintiff was under the influence of drugs at the time of his arrest, specifically methamphetamines and the same was found inside the vehicle he had recently vacated during his chase with the officers. See, *Taser Report,* attached hereto as **Exhibit H**, & *Case Report*.

18.     Plaintiff asserts a claim for inadequate medical care against Sheriff Alex Hodge. *OHT*, at 18:10-12. More specifically, Plaintiff alleges he was denied an MRI. *Id.*, at 18-20.[3] To state a claim for denial of adequate medical care, a claimant must show a sufficiently culpable state of mind on the part of the official sued, "deliberate

---

[3] Sheriff Hodge had no personal involvement in denying Plaintiff medical care. See Sec. I.

indifference."[4] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). More specifically, a prisoner must demonstrate "deliberate indifference to [the prisoner's] serious medical needs, constituting the unnecessary and wanton infliction of pain…." *Id.*

19.     Plaintiff has failed to state a claim because he readily admits he was treated on multiple occasions during his two (2) week stay in the Jones County Jail. *OHT*, at 22. Plaintiff simply did not agree with his medical care. Plaintiff avers that the hospital suggested he receive an MRI, however Officer Curtis White could not stay at the hospital for the time it would take to conduct the MRI. *Id.* Plaintiff admits that he has subsequently asked other facilities where he was incarcerated for an MRI, but was told by a doctor that "it was not life threatening" if he did not have one and that his seizures were under control. *Id.*, at 21. Inasmuch as Sheriff Hodge did not have contact with Plaintiff, he was not subjectively aware of any serious medical need and could not have been deliberately indifferent to the same. *Aff. Hodge*, ¶ 3-4.

20.     Plaintiff also asserts a failure to train and/or supervise claim against Sheriff Alex Hodge in his individual capacity. To prove a failure to train claim, Plaintiff must demonstrate: (1) a failure to train (2) a causal link exists between the failure and violation of plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. *Connick v. Thompson*, 131 S. Ct. 1350, 1360, 563 U.S. 51, 62 (2011).

---

[4] Whether Plaintiff was a pre-trial detainee or whether he was a convicted inmate is of no moment, as the "deliberate indifference" standard applies to the inadequate medical care claims of both. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996).

21.     Plaintiff has not stated, beyond mere conjecture that had the officers received better training they would not have allegedly beat him.  As such, liability does not attach to Sheriff Alex Hodge since Plaintiff has not alleged with specificity how the Jones County Sheriff's Department Training was defective on arresting and using force during such arrests.  *OHT*, at 24:11-16. Notably, both White and Myers were certified officers at the time of the incident. See, *Certificates,* attached hereto as **Exhibit I**. Plaintiff cannot show a pattern of similar violations by other officers existed for purposes of demonstrating the 'deliberate indifference" that is necessary for a successful failure to train claim.

22.     A local government can be held liable under Section 1983 for violating a citizen's constitutional rights only if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id*. Here, to establish liability against Jones County under 42 U.S.C. §1983, Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Independent School Dist.*, 349 F.3d at 244, 247 (5th Cir. 2003).

23.     "Proof of an official policy or custom can be shown in several ways, including: (1) formally adopted policies; (2) informal customs or practices; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring; or (4) a

single act by an official with final policymaking authority." *Thomas v. Prevou*, 2008 WL 111293, *3 (S.D. Miss. 2008)(citing *Monell v. City of New York Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Snow v. City of El Paso, Texas*, 501 F. Supp. 2d 826, 831 (W.D. Tex. 2006)).

24.     Plaintiff has failed to show that Sheriff Hodge, in his official capacity as the duly elected Sheriff of Jones County, was the "moving force" of his alleged constitutional violation, which moving defendants affirmatively deny such violation exists. See *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)(failing to demonstrate a constitutional violation is fatal to Plaintiff's claim).

25.     To prevail under an inadequate supervision or training theory of liability against a County, a plaintiff must show "(1) the training [or supervision] procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the…training [or supervision] policy, and (3) the inadequate…training [and/or supervision] policy directly caused the plaintiff's injury." *Thomas v. Prevou*, 2008 WL 111293, at *4 (S.D. Miss. 2008); *see also Baker v. Putnal,* 75 F. 3d 190, 200 (5th Cir. 1996)(citing *City of Canton v. Harris,* 489 U.S. 378, 385–87, 109 S. Ct. 1197, 1205–07, 103 L.Ed.2d 412, 424–26 (1989); *Benavides v. County of Wilson,* 955 F.2d 968, 972 (5th Cir. 1992)).

26.     Here, Plaintiff cannot show the County lacked adequate training policies on the use of force. Where even "non-certified employees received some training," a plaintiff "cannot rely on a complete failure to train theory." *Thomas,* 2008 WL 111293, at *5. Instead, the plaintiff must "allege with specificity how a particular training program

9

is defective." *Id.* (citing *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992)). Plaintiff has failed to demonstrate or allege with specificity how the training program in Jones County is defective. *OHT*, at 24. To the contrary, both Myers and White were certified officers by the State of Mississippi and received on-the-job training on the use of force.

27.     "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 117 S. Ct. 1382, 1391, 520 U.S. 397, 410 (1997). The plaintiff must generally demonstrate at least a pattern of similar violations. *Id.* (citing *Snyder,* 142 F.3d at 798). Furthermore, the inadequacy of training must be obvious and obviously likely to result in a constitutional violation. *Id.* (citing *City of Canton v. Harris*, 478 U.S. 378, 109 S. Ct. 1197, 1205 n. 10 (1989); *Snyder,* 142 F.3d at 799). "Standing alone, [even] an expert's opinion is generally not enough to establish deliberate indifference." *Id.*

28.     Here, Plaintiff has provided no evidence of prior instances of Officer Monk or Officer White ever using excessive force. Furthermore, moving defendants expressly deny that any of the above violations occurred.[5]   Plaintiff cannot show deliberate indifference on the part of Sheriff Alex Hodge as to the failure to discipline or supervise these particular officers regarding the use of force. Plaintiff has offered no evidence to show a pattern of similar instances. Accordingly, in addition to a failure to

---

[5] See Sec. II(A)

demonstrate that County training/supervision policies by Sheriff Alex Hodge that were inadequate, Plaintiff has failed to show any deliberate indifference on the part of any County policymaker.

29.     A plaintiff must "prove the existence of a direct causal link between the inadequate training and the plaintiff's constitutional deprivation." *Duke v. Cartlidge*, 2006 WL 2788541 (S.D. Miss. Sep. 26, 2006)(citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-86 (1989)). A plaintiff's simply arguing that additional training would have prevented an injury is insufficient. *See Snyder v. Trepagnier*, 142 F.3d 791, 798 (5th Cir. 1998).

30.     Here, Plaintiff made only conclusory arguments concerning inadequate training, supervision and/or discipline. In fact, when questioned about what in particular was deficient about the officer's training, Plaintiff simply states that he just doesn't "think [the officers] were trained." *OHT*, at 24. For all of the aforementioned reasons, Plaintiff's federal, municipal liability claim arising out of the alleged use of force fails and Jones County is entitled to Summary Judgment for the same.

31.     Plaintiff's denial of medical care claim falls under the auspices of the Prison Litigation Reform Act (PLRA). Here, PLRA serves to preclude Plaintiff from asserting a denial of medical care claim against Sheriff Alex Hodge and Jones County, Mississippi.  This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite to suit even when the prisoner seeks relief not available in

grievance proceedings, such as money damages. *Booth v. Churner,* 532 U.S. 731, 740–41 (2001).

32.     In the instant case, at all times relevant to Plaintiff's claims, Jones County Jail had in place a grievance procedure which served as its administrative remedies program. *See, Grievance Procedure,* attached hereto as **Exhibit J**. The grievance procedure includes submitting an informal grievance and then a formal grievance in writing. *Id.* Per policy, inmates will receive a decision from the grievance officer/board no later than fifteen (15) days after the grievance is received. *See id.* Plaintiff neglected to ever file a grievance concerning his alleged denial of adequate medical care and thus has failed to exhaust his administrative remedies. See, *Jail File*, attached hereto as **Exhibit K** & *Aff. J. Stone*, attached hereto as **Exhibit L**.

33.     Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . ." 42 U.S.C. § 1997e(e); *see also Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001)(affirming district court's grant of summary judgment based on finding that "[n]o adequate showing of a physical injury has been made in this case which would permit recovery of either emotional or mental damages."). In the present case, there is no evidence that Plaintiff suffered any physical injury that arose of any alleged denial of medical care.

WHEREFORE PREMISES CONSIDERED, Defendants, Sheriff Alex Hodge, Officer Jeff Monk, Officer Joseph White, and Jones County. Mississippi, respectfully

request that, pursuant to Rule 56 of the Federal Rules of Civil Procedure, this Court

grant their Motion for Summary Judgment and dismiss all claims against them

**DATE:       October 17, 2018.**

                                    Respectfully submitted,

                                    **SHERIFF ALEX HODGE, JEFF
                                    MONK, JOSEPH WHITE AND
                                    JONES COUNTY, MISSISSIPPI**

                                    By:    */s/William R. Allen*
                                           One of Their Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  kriley@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on

this day, I electronically filed the foregoing Motion for Summary Judgment with the

Clerk of the Court using the ECF system and I hereby certify that I have mailed by

United States Postal Service the document to the following non-ECF participant:

            David Williams, #83234
            CMCF/ R3C
            3794 Hwy 468
            Pearl, MS 39208

This the 17th day of October, 2018.

                                    */s/William R. Allen*
                                    OF COUNSEL

13