# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**DAVID WILLIAMS #83234**                                                             **PLAINTIFF**

**VERSUS**                   **CIVIL ACTION NO. 2:17-cv-152-MTP**

**JASON MYERS,** *et al.*                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion [57] for Summary Judgment filed by Defendants Alex Hodge, Jones County, Jeff Monk, and Joseph White along with the Motion [69] for Summary Judgment filed by Defendant Jason Myers. Having carefully considered the parties' submissions and the applicable law, the Court finds that the Motions [57] and [69] should be granted in part and denied in part.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections. Plaintiff filed this civil-rights lawsuit on August 29, 2017 and the Court held a *Spears*[1] hearing to clarify Plaintiff's claims on July 2, 2018. Plaintiff testified at the hearing that his claims stemmed from his arrest in Jones County, Mississippi and his subsequent stay at the Jones County Adult Detention Center.

According to Plaintiff, on December 14, 2016, Jones County officers stopped his vehicle because they had an arrest warrant for him. Plaintiff pulled his truck into a yard and then attempted to flee on foot but was quickly stopped after exiting his truck by either Jason Myers or

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Joseph White[2] who "tased" him. Plaintiff claims that once he was hit with the taser he fell to the ground and stopped resisting.

He claims that Jason Myers then kicked and stomped him several times in the back of the head and Jeff Monk kicked him in the jaw. Plaintiff sues Jason Myers, Jeff Monk, and Joseph White for their use of excessive force. He also claims that Sheriff Alex Hodge and Jones County are responsible for the officers' actions, and that they failed to properly train and supervise the officers. As a result of this force, Plaintiff claims that he now has a speech impediment, suffers from seizures, and has serious headaches, all of which he did not have before the incident.

Defendants disagree with Plaintiff's representation of the facts. They assert that the force used was reasonable and necessary under the circumstances because Plaintiff was fleeing and continued to resist arrest. Further, Defendant Monk submits that he was not present when Plaintiff was arrested but arrived at the scene later and never used any force against Plaintiff.

Plaintiff further claims that after the officers used excessive force against him, he was taken to the Jones County Adult Detention Center. Once he arrived at the jail, medical personnel there told the officers to take him to the local medical clinic. At this clinic, his head was x-rayed and he was told that his jaw was not broken.

Plaintiff was returned to Jones County Adult Detention Center and a few days later he suffered his first seizure. Plaintiff was sent to the doctor where he received a CAT scan, but he did not receive an MRI as recommended by the doctor because the officer transporting him did not have the time to wait. Plaintiff testified that while housed at the jail for approximately two weeks he was visited by healthcare provider Donnie Scoggin on multiple occasions, but that

---

[2] The Court allowed Plaintiff to add Joseph White as a Defendant at the hearing. Plaintiff is unsure whether it was White or Myers who tased him.

Defendant Hodge and Defendant Jones County denied him medical care by not providing an MRI after his seizure.

On October 17, 2018, Defendants Hodge, Jones County, Monk, and White moved for Summary Judgment. Mot. [57]. Plaintiff responded on April 19, 2019, and Defendants replied on April 26, 2019. *See* [66], [67]. On May 23, 2019, Defendant Myers moved for Summary Judgment.[3] Mot. [69]. Plaintiff has not responded to Defendant Myers motion and the time for doing so has run.

## ANALYSIS

***Summary Judgment Standard***

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by

---

[3] Defendant Myers was deployed with the United States military for several months. The Court extended the motions deadline after Defendant Myers returned to the country. *See* Order [63].

3

weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

***Excessive Force***

Plaintiff sues Defendants Jason Myers, Jeff Monk, and Joseph White for the alleged use of excessive force in violation of his Fourth Amendment rights. Plaintiff alleges that following a chase in which he attempted to run from the police, he was tased,[4] kicked in the head three times by Defendant Myers, and then kicked in the jaw by Defendant Monk. Plaintiff claims that he was not resisting after he was tased and that the force used against him has caused him to suffer from a speech impediment, seizures, and constant headaches. Omnibus Hearing Transcript [57-2] at 14. Defendants Monk and White filed their Motion [57] for Summary Judgment and Defendant Myers filed his Motion [69] for Summary Judgment arguing that they are entitled to qualified immunity and that Plaintiff has not established a claim of excessive force. Plaintiff responded to Motion [57] but has not responded to Motion [69].

"Police officers, like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). "Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). A qualified immunity analysis requires a court to consider

---

[4] Plaintiff initially thought that Myers tased him, but Defendants submit that it was White who tased Plaintiff and that it was only once for five seconds. Memo. [58] at 2.

4

two questions: (1) has the plaintiff alleged a constitutional violation and (2) was that constitutional right clearly established at the time of the defendant's alleged conduct? *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (maintaining the two-step inquiry relating to qualified immunity but giving district courts the discretion to address the questions in the order that is most efficient).

"To prevail on an excessive-force claim, a plaintiff must show '(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (quoting *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016)). The Fifth Circuit recognizes "that inquires regarding whether a use of force was 'clearly excessive' or 'clearly unreasonable… are often intertwined.'" *Id.* (quoting *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012)). "Permissible force depends on the (1) severity of the crimes at issue, (2) whether the suspect posed a threat to the officer's safety, and (3) whether the suspect was resisting arrest or attempting to flee." *Aguilar v. Robertson*, 512 Fed. App'x 444, 448 (5th Cir. 2013) (citations and internal quotations omitted).

Tasing

Plaintiff first complains that either Defendant Myers or Defendant White improperly tased him. Plaintiff was fleeing from Defendants Myers and White, and Defendants believed that Plaintiff was armed. Aff. [57-3]. Defendants pursued Plaintiff because he had an outstanding warrant relating to probation violations. *Id*. at 10. Plaintiff alleges that he was hit with the taser and fell to the ground. Omnibus Hearing Transcript [57-2] at 13.

Under those circumstances, it was not unreasonable to tase Plaintiff. The Fifth Circuit has held that "it is reasonable for officers to chase and taser a fleeing suspect with a felony arrest

5

warrant." *Batiste v. Theriot*, 458 Fed. App'x 351, 355 (5th Cir. 2012). Additionally, the officers believed that Plaintiff was armed. *See Wilson v. City of Lafayette*, 510 Fed. App'x 775 (10th Cir. 2013) (affirming grant of qualified immunity when officer tased fleeing suspect that officer believed was armed even though the tasing resulted in the suspects death).

Under the facts presented, it was not unreasonable to tase Plaintiff, regardless of which Defendant used the force. Summary judgment should be granted to Defendant White and he should be dismissed from this action because he is only sued for tasing Plaintiff. Summary judgment should also be granted to Defendant Myers on Plaintiff's claim that he used excessive force in tasing him.

Kicking in Head/Face

Plaintiff further claims that Defendant Myers kicked him in the back of the head and Defendant Monk kicked him in the jaw after he was tased. Plaintiff testified that he was on the ground and not resisting when the officers kicked him in the head. Omnibus Hearing Transcript [57-2] at 13-14. Defendants, however, disagree with Plaintiff's version of events and argue that Plaintiff was under the influence of methamphetamines at the time of the arrest and resisted the officers. In Defendants' opinion, any force used against Plaintiff was reasonable. Defendant Myers' report reflects that he struggled with Plaintiff in an effort to restrain him and prevent him from obtaining a weapon. Incident Report [57-7] at 5. Defendant Monk also submits that he never used force against Plaintiff and that he was not present when Plaintiff was arrested. Aff. [57-6].

Defendants also argue that Plaintiff's alleged injuries cannot be causally connected to the actions of Defendants— mainly his seizures, headaches, and speech impediment. The Court need not reach that question, however, because Defendants did not move for summary judgment

as to Plaintiff's damages, they instead argue that Plaintiff has not suffered an injury. It is undisputed, however, that Plaintiff was taken to the hospital after he was arrested, and the medical records note that Plaintiff suffered contusions on his jaw and lacerations on his face. Mot. [69-1] at 4.

An excessive force claim under the Fourth Amendment automatically satisfies the injury requirement if the force used was objectively unreasonable. *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017). "Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely objectively reasonable force will result in *de minimis* injuries only." *Brown v. Lynch*, 524 Fed. App'x 69, 79 (5th Cir. 2013) (footnote omitted). "Consequently, only one inquiry is required to determine whether an officer used excessive force in violation of the Fourth Amendment. In short, as long as a plaintiff has suffered some injury, even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive use of force." *Alexander*, 854 F.3d at 309 (quotation marks, citations, and modifications omitted).

The Court must then consider, taking the facts in the light most favorable to Plaintiff, whether the alleged force was objectively reasonable or unreasonable. Plaintiff stated under oath that after being tased he was on the ground and not resisting. Defendant Myers then allegedly grabbed Plaintiff by the collar and kicked him in the back of the head, and Defendant Monk allegedly kicked Plaintiff in the face and jaw. Omnibus Hearing Transcript [57-2] at 13-14.

The parties present conflicting evidence of material facts— whether Plaintiff was resisting arrest when the officers kicked him in the head and whether Officer Monk was present and participated in this use of force. "Rule 56 still has vitality in qualified immunity cases if the

7

underlying historical facts in dispute are material to the resolution of the questions whether the defendants acted in an objectively reasonable manner in view of the existing law and facts available to them." *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993); *see also Rogers v. Lee Cty., Mississippi*, 684 Fed. App'x 380, 387 (5th Cir. 2017); *Jordan v. Wayne Cty., Mississippi*, 2017 WL 2174963, at *5 (S.D. Miss. May 17, 2017). "[T]he determination of objective reasonableness must be based on a version of the facts most favorable to the plaintiff[]." *Id*. Moreover, conflicting evidence regarding whether or not a suspect was resisting arrest is an issue of material fact that must be resolved by a trier of fact and not at the summary judgment stage. *Elliot v. Linnell*, 561 F. Supp. 2d 714, 719 (E.D. Tex. Aug. 17, 2007).

"[T]he contours of the Fourth Amendment right to be free from excessive force are sufficiently clear that a reasonable police officer understands that he cannot break an individual's face to affect an arrest in the absence of resistance or a threat to the officer's safety and that he cannot gratuitously kick or punch a suspect once the officer successfully thwarts the suspect's flight attempt." *Paternostro v. Crescent City Connection Police Dept.*, 2002 WL 34476319 at *16 (E.D. La. Apr. 2, 2002). "[A] constitutional violation occurs when an officer tases, strikes, or violently slams an arrestee who is not actively resisting arrest." *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 731 (5th Cir. 2018).

If a trier of fact finds that Plaintiff was not actively resisting arrest, then it could also be found that the force deployed against Plaintiff was excessive. The reasonableness of the officers' conduct cannot be determined until the underlying facts are established and not in dispute. Because fact issues remain as to whether Plaintiff was resisting and whether Defendant Monk was present during the use of the alleged force, summary judgment is not appropriate as to Plaintiff's claim that he was kicked in the back of the head and on the jaw.

8

*Failure to Train/Supervise*

Plaintiff sues Defendant Alex Hodge, the sheriff, because he claims Hodge is responsible for the officers' actions, and Hodge failed to properly train and supervise the officers. To establish liability against Hodge, Plaintiff must show that (1) Hodge either failed to supervise or train the subordinate officials; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009)). "For an official to act with deliberate indifference, the official must both we aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation omitted). "Where a plaintiff fails to establish deliberate indifference, the court need not address the other two prongs of supervisory liability." *Goodman*, 571 F.3d at 395.

Plaintiff has not stated with any specificity how the training and supervision of the Jones County Sheriff's Department was defective. Plaintiff testified "All I know is I don't, I don't think that they were trained." Omnibus Hearing Transcript [57-2] at 24. He also testified that he did not know who was supervising or making decisions on the night he was arrested. *Id*. at 25. Plaintiff has not come forth with competent summary judgment evidence to establish any element of his claim against Defendant Hodge for a failure to train and supervise. Nothing in the record shows that Defendant Hodge was aware of a substantial risk of serious harm and then actually drew the inference that serious harm would occur. Because Plaintiff has not met his burden on this claim and no issue of material fact exists, summary judgment should be granted in favor of Defendant Hodge for a failure to train and supervise.

*Monell Claim*

Plaintiff also sues Defendant Jones County and claims that it is responsible for the officers' actions and alleged use of excessive force. When suing a local government for a violation of § 1983, a plaintiff must show that the policy or custom of the local government inflicted a constitutional injury. *Monell v. Dept't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable under a respondeat superior theory. *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 121 (1992). "[L]ocal government may not be sued under § 1983 for an injury solely inflicted by its employees or agents. Instead, it is when execution of government policy or custom…. inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. At summary judgment, "a plaintiff making a direct claim of municipal liability must demonstrate a dispute of fact as to three elements: that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017).

Jones County has moved for summary judgment on Plaintiff's *Monell* claim, and Plaintiff has not come forward with any evidence of a policy, custom, or practice of Jones County that was the moving force behind his alleged constitutional violation. Mot. [57]. Plaintiff filed his Response [66] in opposition to the Motion [57] for Summary Judgment but did not demonstrate that Jones County had a policy, custom, or practice that is relevant to the issues in this case. Even if an unconstitutional policy did exist, Plaintiff has also not shown that the officers were aware of this policy and that the officer's knowledge led to the alleged constitutional violation. *Walker v. Harris Cnty.*, 477 Fed. App'x 175, 179 (5th Cir. 2012). Plaintiff, therefore, has not

met his burden to establish a municipal liability claim, and summary judgment is appropriate in favor of Jones County on this issue.

*Denial of Medical Care*

Plaintiff further sues Defendant Alex Hodge and Defendant Jones County for denying him medical care after he was arrested. To establish a denial of medical care claim, a plaintiff must show that the defendant acted with deliberate indifference to the plaintiff's *serious medical needs*, constituting the unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). An official "acts with deliberate indifference 'only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)). "[M]ere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice." *Id*.

Defendants Hodge and Jones County argue that they are entitled to summary judgment on Plaintiff's denial of medical care claim because he did receive treatment and only disagrees with the measure and type of treatment he received. Plaintiff testified that he was seen by medical professionals several times while held at the Jones County Jail. Omnibus Hearing Transcript [57-2] at 21-22. Plaintiff complains that he was not given an MRI after he started having seizures, even though a nurse at the hospital recommended it. *Id*. at 21. Yet, another doctor later told Plaintiff, after he was in the custody of the Mississippi Department of Corrections, that he did not need an MRI and that his seizures are appropriately managed through medication. *Id*. This testimony makes evident that Plaintiff received significant medical treatment after his arrest and during his detainment at the Jones County Adult Detention Center.

11

Plaintiff was not denied medical care; rather he disagrees with the treatment he received.  *See*

Medical Files [69-1]; Jail Records [57-11] at 3, 13-17.  The evidence in the record does not

support a claim for denial of medical care and summary judgment should likewise be granted in

favor of Defendants Hodge and Jones County on this issue.

    IT IS, THEREFORE, ORDERED that:

1. The Motion [57] for Summary Judgment is GRANTED IN PART as to all claims against Joseph White, Alex Hodge, and Jones County and DENIED IN PART.

    a. Defendants Joseph White, Alex Hodge, and Jones County are dismissed with prejudice.

    b. Plaintiff's excessive force claims against Jeff Monk shall proceed to trial.

2. The Motion [69] for Summary Judgment is GRANTED IN PART as to Plaintiff's excessive force claim regarding tasing and DENIED IN PART as to Plaintiff's other excessive force claims against Jason Myers.  Plaintiff's excessive force claim against Defendant Myers for tasing him is dismissed with prejudice.  The remaining claims against Defendant Myers for excessive force shall proceed to trial.

SO ORDERED, this the 22nd day of August, 2019.

                                      /s/Michael T. Parker
                                      United States Magistrate Judge